```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                              CASE NO: 2:04-cr-16-FtM-29DNF

JESUS L. GARCIA
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for a Nunc Pro Tunc Order Granting One-Level Acceptance-of-Responsibility Sentence Reduction Pursuant to Amendment 775 (Doc. #474) filed on December 2, 2015. Defendant seeks a one level reduction in his offense level, *nunc pro tunc*, pursuant to Amendment 775 to the Sentencing Guidelines.

Pursuant to Section 3E1.1(b), U.S. Sentencing Guidelines Manual, if a defendant qualifies for a decrease under subsection (a), and upon motion of the government that defendant timely notified authorities of his intent to plead guilty "thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently," defendant is entitled to an additional one level decrease in his offense level. The additional level may only be granted upon a formal motion by the government at the time of sentencing. U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.6 (2013). Amendment 775 added additional language to Note 6 that

the government should not withhold a motion based on interests not identified in §3E1.1, such as whether defendant agrees to waive the right to appeal.  Id.

On March 17, 2004, the grand jury returned a Superseding Indictment (Doc. #35) against defendant and his co-defendants. The case was set for the May 2004 trial term before the undersigned.  (Doc. #89.)  After several continuances, trial was re set for the October 2004 trial calendar.  (Doc. #176.)  On September 21, 2004, defendant appeared before the undersigned to plea without the benefit of a plea agreement but advised the Court he wanted new counsel and the plea did not take place.  (Doc. #180.)  The request for new counsel was granted with the understanding that trial would not be continued, and plea was reset before the Magistrate Judge for October 7, 2004.  (Doc. #191.) The plea of guilty was proffered, and was accepted, and defendant was adjudicated guilty on October 14, 2004, half-way through the trial term.  (Doc. #221.)  On February 11, 2005, defendant was sentenced to a term of 262 months of imprisonment to be followed by a term of supervised release.  (Doc. #289.)  The Presentence Report reflects that defendant received a two level reduction for acceptance of responsibility, but the government did not file a motion for the additional one level reduction because defendant's delay in pleading guilty led the government to prepare for trial, and the anticipated objection to the relevant drug quantities did

not allow the government and the Court to allocate their resources efficiently. Therefore, defendant did not receive an additional one level departure.

Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). The Court has no inherent power to correct even an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002). The Court finds no basis for jurisdiction to modify defendant's sentence. Defendant filed a direct appeal, sought habeas relief pursuant to 28 U.S.C. § 2255, and has not otherwise sought leave from the Eleventh Circuit to file an untimely and successive habeas petition. The motion will be dismissed for lack of jurisdiction.

Even if the Court had jurisdiction to entertain the motion, the additional reduction may only be granted upon formal motion by the government, and the government declined to seek a reduction in this case. To the extent that defendant argues that the government improperly withheld the filing of a motion pursuant to Amendment 775 (2013), the Court finds the Amendment has no bearing on defendant's case who was denied based on a listed consideration of

timeliness in manifesting the acceptance of responsibility. See U.S. Sentencing Guidelines Manual § 3E1.1 cmt n.1(H). Because the government declined to file a motion for an identified basis, the motion is alternatively denied.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for a Nunc Pro Tunc Order Granting One-Level Acceptance-of-Responsibility Sentence Reduction Pursuant to Amendment 775 (Doc. #474) is **DISMISSED** for lack of jurisdiction, and alternatively **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___21st___ day of December, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record